IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| CHRISTOPHER EVANS, and<br>GABRIELLE EVANS,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>  Defendant. | 0:18-cv-61539 |

## COMPLAINT

NOW COME the Plaintiffs, CHRISTOPHER EVANS and GABRIELLE EVANS, by and through their attorneys, SMITHMARCO, P.C., and for their Complaint against the Defendant, NATIONAL CREDIT SYSTEMS, INC., the Plaintiffs state as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. CHRISTOPHER EVANS, (hereinafter, "Christopher") is an individual who was at all relevant times residing in the City of Deerfield, County of Broward, State of Florida.

5. GABRIELLE EVANS, (hereinafter, "Gabrielle" or collectively with Christopher, "Plaintiffs") is an individual who was at all relevant times residing in the City of Deerfield, County of Broward, State of Florida.

6. The debt that Plaintiffs were allegedly obligated to pay was a debt allegedly owed by Plaintiffs to Saul Silber Properties, LLC (hereinafter, "the Debt").

7. The debt that Plaintiffs allegedly owed Saul Silber Properties, LLC was for fees associated with a residential apartment lease, which was for the personal use of Plaintiffs.

8. At all relevant times, Plaintiffs were a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. NATIONAL CREDIT SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant's principal place of business is located in the State of Georgia. Defendant is incorporated under the laws of the State of Georgia and registered as a foreign corporation in the State of Florida.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

### FACTS COMMON TO ALL COUNTS

15. On or about September 22, 2008, Plaintiffs executed a lease agreement to rent an apartment from Saul Silber Properties, LLC, in Alachua County, Florida.

16. At the end of the lease term in 2009, Saul Silber Properties, LLC claimed that Plaintiffs owed a balance of $4,502.40, of which $2,398.38 was attributed to past due rent from April of 2009 through July of 2009.

17. Upon information and belief, Saul Silber Properties, LLC, placed the Debt with Defendant for collection from Plaintiffs in 2014.

18. Neither Christopher nor Gabrielle have ever made any payments toward the Debt.

19. The date of first delinquency on the Debt was in or around April of 2009.

20. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

21. Pursuant to 15 U.S.C. §1681s-2(a)(5), Defendant is under a statutory duty to report to the credit reporting agencies the true and accurate date of first delinquency as to the Debt so that the credit reporting agencies to which the debt is reported can comply with 15 U.S.C. § 1681c(a)(4).

**COUNT I: CHRISTOPHER EVANS v. NATIONAL CREDIT SYSTEMS, INC.**

22. Christopher re-alleges and incorporates by reference paragraphs 1-21 of this complaint as though fully set forth herein.

23. On or about May 21, 2018, Defendant reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

24. When Defendant reported the Debt to the three major consumer reporting agencies (i.e., Experian, Trans Union and Equifax), it misrepresented the date of Christopher's first delinquency relative to the Debt as being, upon information and belief, in or around January, March and April of 2014, respectively, effectively "re-aging" the Debt and resulting in the Debt appearing on Christopher's credit report beyond the seven (7) year obsolescence time frame.

25. Had Defendant accurately reported the date of Christopher's first delinquency, the consumer reporting agencies would be precluded from making any consumer reports containing the Debt after April of 2018.

26. Instead, because Defendant has misrepresented the date of Christopher's first delinquency, the consumer reporting agencies will continue to make consumer reports containing the Debt until 2021.

27. In its attempts to collect the debt allegedly owed by Christopher to Saul Silber Properties, LLC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to

      communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Christopher has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHRISTOPHER EVANS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of CHRISTOPHER EVANS and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: GABRIELLE EVANS v. NATIONAL CREDIT SYSTEMS, INC.

29. Gabrielle re-alleges and incorporates by reference paragraphs 1-21 of this complaint as though fully set forth herein.

30. On or about May 21, 2018 Defendant reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

31. When Defendant reported the Debt to the three major consumer reporting agencies (i.e., Experian, Trans Union and Equifax), it misrepresented the date of Gabrielle's first delinquency relative to the Debt as being, upon information and belief, January, March and April of 2014, respectively, effectively "re-aging" the Debt and resulting in the Debt appearing on Plaintiff's credit report beyond the seven (7) year obsolescence time frame.

32. Had Defendant accurately reported the date of Gabrielle's first delinquency, the consumer reporting agencies would be precluded from making any consumer reports containing the Debt after April of 2018.

33. Instead, because Defendant has misrepresented the date of Gabrielle's first delinquency, the consumer reporting agencies will continue to make consumer reports containing the Debt until 2021.

34. In its attempts to collect the debt allegedly owed by Gabrielle to Saul Silber Properties, LLC Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Gabrielle has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GABRIELLE EVANS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of GABRIELLE EVANS and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

36. Plaintiffs hereby demand a trial by jury on all issues so triable.

                                               Respectfully submitted,
                                               **CHRISTOPHER EVANS &**
                                               **GABRIELLE EVANS**

                                      By:   s/ David M. Marco
                                                     Attorney for Plaintiffs

Dated: July 6, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com